**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Plaintiff-Counter-
        Defendant-Appellee,

v.

CRISOFORO VICENTE; ENRIQUE
VICENTE,

        Defendants-Counter-
        Claimants-Appellants.

No. 96-3154
(D.C. No. 94-1510-KMH)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

State Farm Mutual Automobile Insurance Company (State Farm) brought a diversity action against Crisoforo Vicente and Enrique Vicente (Vicentes) for declaratory judgment and rescission of the nonliability provisions of an insurance policy it issued to Crisoforo Vicente. The parties agreed to have a federal magistrate hear the case pursuant to 28 U.S.C. § 636(c)(1). After a bench trial, the magistrate judge entered judgment in favor of State Farm, and the Vicentes appeal. We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291, and we affirm.

The magistrate judge found that State Farm proved, by clear and convincing evidence, that Crisoforo Vicente knowingly and intentionally made false representations on his insurance application for the purpose of inducing State Farm to provide insurance, and that State Farm had reasonably relied on the misrepresentations. See American States Ins. Co. v. Ehrlich, 701 P.2d 676, 678-79 (Kan. 1985) (holding that an insurance company has the right to rescind a policy for fraud and misrepresentation where the applicant made an untrue statement of fact, known to be untrue by the party making it, made with the intent

-2-

to deceive or recklessly made with disregard for the truth, and where the insurance company justifiably relied on the statement and acted to its injury and damage). On appeal, the Vicentes assert these factual findings are not supported by clear and convincing evidence.

We review the magistrate judge's factual findings for clear error, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. See Salve Regina College v. Russell, 499 U.S. 225, 233 (1991) (citing Fed. R. App. P. 52(a)); see also Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996) (applying same standard to judgments rendered by a magistrate judge). "A finding of fact is not clearly erroneous unless it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 825 (10th Cir. 1995) (quotations omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).

We have reviewed the record and the briefs, and are satisfied that the record contains sufficient evidence to support the magistrate judge's factual findings. Defendants' arguments regarding the credibility of witnesses would require us to reweigh the evidence and substitute our view for that of the

magistrate judge, which we may not do.  See id. at 573-75.  The judgment of the

United States District Court for the District of Kansas is AFFIRMED for

substantially the reasons stated by the magistrate judge in the Memorandum and

Order dated March 19, 1996, and the judgment dated March 22, 1996.


Entered for the Court


Robin J. Cauthron
District Judge